

JUDGE CEDARBAUM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3388

------------------------------------x

HEBEI EXPRESS SHIPPING CO., LTD., :

                 Plaintiff, :

              -against- :

TRANSNATIONAL TRADING :

              Defendant. :

------------------------------------x

**ECF**

**VERIFIED COMPLAINT**

RECEIVED
APR 30 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, HEBEI EXPRESS SHIPPING CO., LTD.,

(hereinafter referred to as "Plaintiff"), by and through its

attorneys, Cardillo & Corbett, as and for its Verified

Complaint against the Defendant, TRANSNATIONAL TRADING,

(hereinafter referred to as "Defendant") alleges, upon

information and belief, as follows:

## JURISDICTION

1.    This is an admiralty and maritime claim within

the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure and 28 United States Code § 1333.

## THE PARTIES

2.    At all times material to this action, Plaintiff

was, and still is, a foreign company duly organized and

existing under the laws of Hong Kong with an address at Room

3511, 35f, West Tower, Shun Tak Centre, 168-200 Connaught Road

Central, Sheung Wan, Hong Kong.

3.    Plaintiff is and was, at all material times, the registered owner of the M/V HEBEI EXPRESS (the "Vessel").

4.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of a foreign country, with an address at LOB 15, No. 130, JAFZA, Jebel Ali, P.O. Box 17621, Dubai, United Arab Emirates, and was at all material times the charterer of the Vessel.

DEFENDANT'S BREACH OF CONTRACT

5.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-4 of this Complaint as if set forth at length herein.

6.    Plaintiff and Defendant entered into a time charter party dated January 3, 2007, pursuant to which Plaintiff let and Defendant hired the Vessel (the "Charter Party").

7.    Under the terms of the Charter Party, it was the duty of Defendant as charterer of the Vessel to pay hire semi-monthly in advance in U.S. dollars at the rate of $24,500 per day commencing from the time of delivery of the Vessel under the Charter Party until the date of her redelivery.

8.    The Vessel arrived at the delivery port four hours before the commencement of the lay days, that is, the commencement of the time within which Plaintiff had the right

to deliver the vessel and Defendant the obligation to accept
her.  The Defendant, however, agreed to accept the early
delivery of the vessel and pay hire for the use of the vessel
from the time the Vessel tendered her notice of readiness.  The
hire due for the four hours is $3,956.  See Exhibit 1 attached
hereto.

      9.    Defendant redelivered the Vessel to Plaintiff on
February 11, 2007, and sent the Plaintiff a hire statement
which admitted hire due to the Plaintiff in the amount of
$74,337.74.  Defendant, however, failed and refused to pay the
hire due Plaintiff, advising Plaintiff that it would not pay
the hire admittedly due, unless Plaintiff waived the $3,956 due
for the four hours prior to the commencement of the lay days
during which Defendant had use of the Vessel.  Defendant
thereby reneged on the agreement made at the time the Vessel
was delivered and is withholding payment on a substantial
amount of hire that is admittedly due and owing.  Charterers'
hire statement is attached hereto as Exhibit 2.

      10.   According to Plaintiff's calculations, the
actual amount of hire now due and owing is $78,452.40, which
includes the $3,956 for the four hours now at issue.

      11.   Plaintiff protested Defendant's wrongful actions
and has demanded payment of $78,452.40 which Defendant has
continued to refuse and fail to pay.

12.  By reason of the aforesaid, Plaintiff has suffered damages in the amount of $78,452.40, so near as the same can be presently estimated.  In addition Plaintiff is entitled to recover interest, attorneys' fees and costs as set forth below.

LONDON ARBITRATION

13.  Plaintiff's claims against Defendant are subject to arbitration in London governed by English law pursuant to the terms of the Charter Party, and Plaintiff reserves its right to demand arbitration in London.

PLAINTIFF'S DAMAGES

14.  Interest costs and attorneys' fees are routinely awarded to the prevailing party under English law.  As best as can now be estimated, if and when the matter is brought to arbitration in London, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---|
| A. | Principal claim: | $ 78,452.40 |
| B. | Interest, arbitration fees and attorneys' fees: | $ 41,547.60 |
| | Total: | $120,000.00 |

DEFENDANT NOT FOUND WITHIN THE DISTRICT

15.  The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules

4

of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

16.    The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for

Certain Admiralty and Maritime Claims, this Court issue an

Order directing the Clerk of Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims

and also pursuant to the United States Arbitration Act, 9

U.S.C. §§ 1 and 8, attaching all tangible or intangible

property in whatever form or any other funds held by any

garnishee, including, but not limited to, ABN Amro Bank NV,

American Express Bank, Bank of America, Bank of Communications

Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP

Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan

Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank,

which are due and owing to the Defendant, in the amount of

$120,000.00 to secure the Plaintiff's claims, and that all

persons claiming any interest in the same be cited to appear

and pursuant to Supplemental Admiralty Rule B answer the

matters alleged in the Complaint;

      C.    That this Court retain jurisdiction over this

matter through the entry of any judgment or award associated

with any of the claims currently pending, or which may be

initiated in the future, including any appeals thereof; and

      D.    That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:    New York, New York
          April 27, 2007

CARDILLO & CORBETT
Attorneys for Plaintiff
HEBEI PRIDE SHIPPING CO., LTD

By:  _____
     Tulio R. Prieto (TP 8455)

Office and P.O. Address
29 Broadway, Suite 1710
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

      1.    My name is Tulio R. Prieto.

      2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

      3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

      4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

      5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

      6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

      7.    I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to this 27th day
of April, 2007

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

9

Exhibit 1

Cao Rui
_____

| 寄件者: | "Wendy, Yang Weiwei" <wendy@bromar.com.cn> |
| 收件者: | "Lv Huan Hong" <ops@northchina.com.hk> |
| 副本: | "Bromar ops" <ops@bromar.com.cn> |
| 傳送日期: | Thursday, 4 January, 2007 22:09 |
| 主旨: | RE: MV. Hebei express / Tnt----hire payment |

Good day from Bromar Maritime Co. ltd!

Pub:86-21-58215780  Fax:86-21-58215769

Email: chartering@bromar.com.cn

Dear Mr.Cao/Wendy

Pls kindly find below msg from Chrs.

====qte====

REF TELCON, CHTRS CONFIRM THAT THEY WILL PAID THE HIRE TO OWNERS FM THE TIME
OF NOR TENDERING

====unqte====


Thanks & Best Regards

Wendy, Yang Weiwei
Mob: +86-13916026560
Msn: wendyang521@hotmail.com

Exhibit 2

# Final Hire Statement

**CHARTERERS : TRANSNATIONAL TRADING DUBAI**
**OWNERS : STOGRAN INTERNATIONAL LTD - BROKERS: JM BUXI - Mr Dhall**

| | | |
|---|---|---|
| Delivery : 04/01/2007 23:30 (LOCAL TIME) | | DATE : 26 MAR 07 |
| 04/01/2007 15:30 (GMT) | | VESSEL:MV.HEBEI EXPRESS |
| Redelivery : 11/02/2007 16:00 (LOCAL TIME) | | C/P DATE : 3 JAN 07 |
| 11/02/2007 12:00 (GMT) | | |

| NO | PARTICULARS | | | | | DR. | CR. |
|---|---|---|---|---|---|---|---|
| 1 | HIRE | | | | | | |
| | FM : 1530 HRS 4JAN 2007 (GMT) @ APS LANSHAN (CHINA) | | | | | | |
| | TO: 1200 HRS 11 FEB 2007 (GMT) @ PASSING MUSCAT (PMO) | | | | | | |
| | 37.85416667 | | | | | | |
| | 37.85417 | days | X | $24,500 | $927,427.08 | | |
| | 0.00000 | Ballast Bonus | | | $55,000.00 | | |
| | | | | | $982,427.08 | | |
| 2 | (LESS) Off hire | | | | | | |
| | 0.000000 | days | X | $24,500 | $0.00 | | |
| | 0.000000 | days | X | $0 | $0.00 | | |
| | Bal 37.85417 | days | | | | | $982,427.08 |
| 3 | (LESS) 2.5% ADCOM | | | | | $24,560.68 | |
| | (LESS) 0.625% TO JM BUXI | | | | | $6,140.17 | |
| 4 | Bunker on delivery | | | | | | |
| | FO 1303.200 | mt | X | $300.00 | | | $390,960.00 |
| | MDO 147.200 | mt | X | $600.00 | | | $88,320.00 |
| 5 | Bunker on redelivery | | | | | | |
| | FO 1298.200 | mt | X | $300.00 | | $389,460.00 | |
| | MDO 142.920 | mt | X | $600.00 | | $85,752.00 | |
| 6 | (LESS) Bunker off hire consumed | | | | | | |
| | MDO 0.00 | mt | x | $600.00 | | | $0.00 |
| | FO 0.00 | mt | x | $300.00 | | | $0.00 |
| 7 | CABLE/VICTUALLING/ENTERTAINMENT CHARGE | | | | | | $1,577.26 |
| | 37.85417 | days | x | $1.250 /month | $1,577.26 | | |
| 8 | LOHC | | | | | | $4,500.00 |
| 9 | On-hire bunker survey fees @ 50% for ows acct ( Usd 400) | | | | | 200.00 | |
| | Off hire bunker survey fees @50% for ows acct ( Usd 410) | | | | | 205.00 | |
| 10 | (Less )Owners Expenses (1 USD=3.6AED) | | | | | | |
| | Garbage Disposal Charges at Load Port | | | | | 100.00 | |
| 11 | (Less) Hire Payment | | | | | $837,028.75 | |
| | 1st hire | | | | $408,720.00 | | |
| | 2nd hire | | | | $223,633.52 | | |
| | 3rd hire | | | | $33,075.65 | | |
| | 4th hire | | | | $150,396.46 | | |
| | 5th Hire | | | | $71,203.12 | | |
| | | | | | | $1,393,446.60 | $1,467,784.34 |
| | BALANCE AMT DUE TO OWS | | | | | $74,337.74 | |
| | | | | | | $1,467,784.34 | $1,467,784.34 |